IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK B. JOHNSON,

                      Plaintiff,                  OPINION AND ORDER

    v.

                                                           12-cv-554-wmc

KATHY WHALEN, SHERIFF MEISTER,
HELEN FRANK, and VICKIE PAPARA,

                      Defendants.

---

In this proposed civil action, plaintiff Patrick B. Johnson alleges that defendants, three nurses employed at the Sauk County Jail and the Sauk County Sheriff, violated his Eighth Amendment rights by (1) refusing to provide him with a no tomato diet; and (2) failing to provide him adequate medical treatment after he complained of stomach cramps. Johnson asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Johnson has provided, the court concluded that he is unable to prepay the fee for filing this lawsuit, but must still determine whether Johnson's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).[1] Because Johnson fails to meet this threshold, his complaint will be dismissed.

---

[1] The court notes that Johnson has received three strikes pursuant to 28 U.S.C. § 1915(g). *See Johnson v. Kettle Moraine Corr.*, No. 98-C-203-C (W.D. Wis. May 28, 1998); *Johnson v. CCA President*, No. 99-C-52-C (W.D. Wis. May 10, 1999); *Johnson v. Stamman*, No. 09-cv-178-bbc (W.D. Wis. June 9, 2009). At the time Johnson filed this complaint, however, he was not a prisoner and, therefore, not limited by § 1915(g) in the screening of this complaint. *See* 28 U.S.C. § 1915(g) (providing that an inmate with three strikes

ALLEGATIONS OF FACT

In addressing any *pro se* litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, Johnson alleges, and the court assumes for purposes of this screening order, the following facts:

- Plaintiff Patrick B. Johnson was an inmate at the Sauk County Jail in June 2012. He was released from the jail sometime after July 1 and before August 5, 2012.

- Defendant Meister is the sheriff of Sauk County. Defendants Kathy Whalen, Helen Frank and Vicki Papara are nurses employed at the Sauk County Jail.

- Johnson alleges that he was first incarcerated at the Sauk County Jail in March 2009, made it known at that time that he was allergic to tomatoes, and received a "no tomato" tray or diet since that time.

- Nevertheless, Johnson alleges that on June 23, 2012, he was denied a no tomato tray because there is nothing in his medical file indicating that he could not eat tomatoes.

- Johnson further alleges that after complaining about this change, nurse Whalen and Sheriff Miester told him that he had the option of not eating food with tomatoes in it.

- Johnson alleges that this option "left [him] no choice but to go on a hung[er]-food strike." (Compl. (dkt. #1) 2.)

- On June 29, 2012, Johnson alleges he was given his no tomato tray back.

- Upon eating the tray, he "felt dizzy" and his "stomach was hurting very bad." (*Id.* at 4.) He complained to Nurse Frank about his stomach pains. Nurse Frank responded that his situation was not a life or death situation, placed him in a solitary confinement cell, instructed him to drink water, and took his vital signs.

---

asking for leave to proceed *in formal* pauperis in a new lawsuit may not proceeding unless his complaint alleges facts from which a determination may be made that he is in "imminent danger of serious physical harm").

- On June 30, 2012, Johnson saw Nurse Papara for stomach cramps and asked to be taken to the hospital. Papara also stated that his situation was not life threatening, took his vitals, and instructed him to drink water.

OPINION

Plaintiff Johnson seeks to assert a claim against defendants for "failure to provide the [plaintiff] with adequate and wholesome food as well as proper medical care." (Suppl. to Comp. (dkt. #10).) The Eighth Amendment prohibits prison officials from showing deliberate indifference to prisoners' serious medical needs or suffering. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To state a deliberate indifference claim, however, a plaintiff must allege facts from which it may be inferred that he had a serious medical need and that prison officials were deliberately indifferent to that need. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

"Serious medical needs" include: (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated; (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering; or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez*, 111 F.3d at 1371-73. A prison official has acted with deliberate indifference when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)).

Here, plaintiff alleges that: he was denied a no tomato diet; he was forced to go on a hunger strike for six days; and after his no tomato diet was reinstated, he suffered

3

stomach cramps and other symptoms. The denial of a no tomato diet for six days is not in and of itself a violation of the Eighth Amendment. *See, e.g., Rodriguez v. Putnam*, No. CV 11–8772–CJC (PJW), 2013 WL 1953687, at *3 (C.D. Cal. May 8, 2013) ("Generally speaking, a prison official cannot be found deliberately indifferent to a serious medical need for failing to provide a prisoner with a special diet to accommodate a food allergy because the Constitution does not require such an accommodation.") (citing cases). Rather, plaintiff must allege that (1) defendant failed to provide him with adequate nourishment to sustain his health; or (2) that he suffered a serious medical need as a result of defendant's refusal to provide him a tomato free diet. *See id.* (citing *LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir. 1993); *Gaines v. Armor Health Care, Inc.*, No. 12–CV–4666(JS)(ETB), 2012 WL 5438931, at *5 (E.D.N.Y. Nov. 2, 2012).

Plaintiff fails to allege that defendant's refusal to provide him a no tomato tray resulted in inadequate nourishment to sustain his health. To the contrary, plaintiff alleges that *he* opted to go on a hunger strike in protest of this decision. This was plaintiff's choice and not a direct result of defendant's decision to deny him a no tomato diet. While tomatoes may be a relatively common ingredient in certain prison food, Johnson does not allege, and the court cannot reasonably infer, that Johnson was left with no food options during the six days he was denied a no tomato tray.

Plaintiff contends that he suffered stomach pain / cramps, felt dizzy, and that his throat constricted after the no tomato tray was reinstated on June 29, 2012. Johnson does not allege that the medical issues he was experiencing on June 29, 2012, and June 30, 2012, were caused by plaintiff's refusal to accommodate his dietary restriction;

4

rather, Johnson's medical issues allegedly arose after he ate food from the *no* tomato tray. Likely these symptoms arose because Johnson was (if he is to be believed) on a hunger strike for six days, but Johnson's decision to go on a hunger strike was his own, and cannot be a basis for finding an Eighth Amendment violation. Even if his symptoms somehow resulted from defendants' six-day denial of a no tomato tray, that denial does not rise to deliberate indifference since he alleges no symptoms until returned to the no tomato tray.

Similarly, plaintiff's complaints of stomach pains and feeling dizzy fall short of a serious medical need. *See, e.g., Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (holding, inter alia, that none of the conditions of which the plaintiff complained, *i.e.*, eczema, back pain, various stomach disorders, allergies and asthma, qualified as a "serious medical need"); *Collado v. Sposato*, No. 12–CV–2151 (SJF)(WDW), 2012 WL 3113837, at *4 (E.D.N.Y., July 24, 2012) (finding refusal to provide onion-free diet did not result in a serious medical condition "since the only harm alleged by plaintiff is stomach pains"); *Maurice v. N.Y.C. Dep't of Corr.*, No. 93–CV–6008, 1997 WL 431078, at *3 (S.D.N.Y. July 30, 1997) (finding that the plaintiff had not shown that he suffered from a sufficiently serious medical condition to implicate Eighth Amendment concerns where he alleged only that he suffered from stomach cramps and diarrhea as a result of eating a non-vegetarian meal). Finally, even if Johnson did suffer a serious medical need, plaintiff alleges that nurses Franks and Papara appropriately responded to his concerns by monitoring his vital signs and offering him water, even if Johnson believed that hospital care was warranted. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)

(noting that "a mere disagreement with a doctor's medical judgment" does not amount to deliberate indifference).

Because Johnson fails to state even an arguable claim on which relief may be granted, the court will deny him leave to proceed and dismiss this action.

ORDER

IT IS ORDERED that plaintiff Patrick B. Johnson's motion for leave to proceed is DENIED, and plaintiff's claim is dismissed.

Entered this 26th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge